IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **TERRY HOUSTON,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-15-2507 |
| **SHIRLEY KIRKLAND,** *et al.*, | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Following full briefing from the parties and a motions hearing held on November 16, 2016, the Court issued its 23-page decision granting, in part, and denying, in part, Defendants' Motion for Summary Judgment. ECF No. 19. The background facts of this case are fully set forth in that Memorandum Opinion. *Id.* The Court entered a Pretrial Scheduling Order on December 16, 2016, and a date has been set for trial. ECF No. 22. Now before the Court is Plaintiff's Motion for Reconsideration of the Court's earlier Memorandum Opinion and Order granting partial summary judgment, ECF Nos. 19 and 20. ECF No. 25. For the following reasons, Plaintiff's Motion for Reconsideration is denied.

"An order of partial summary judgment [as here] is interlocutory in nature." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003). This Court "retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." *Id.* (citing *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991). This power "is

committed to the discretion of the district court." *Id.* (citing *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983)). Earlier decisions of the Court become law of the case and must be followed unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." *Am. Canoe Ass'n*, 326 F.3d at 515 (citing *Sejman v. Warner–Lambert Co., Inc.*, 845 F.2d 66, 69 (4th Cir. 1988)). "Clear error or manifest injustice occurs where a court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . .'" *Wagner v. Warden*, No. ELH-14-791, 2016 WL 1169937, at *3 (D. Md. Mar. 24, 2016) (quoting *King v. McFadden*, 2015 WL 4937292, at *2 (D.S.C. August 18, 2015)).

"[M]ere disagreement" with the court's ruling does not support a motion to reconsider. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993); *see also Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 620 (D. Md. 2013). The Fourth Circuit has further made clear that parties "should not be permitted to use a motion to reconsider as a vehicle to introduce additional evidence which could have been adduced during the pendency of the prior motion . . . Dispositive motions serve judicial economy by encouraging parties to winnow out extraneous issues." *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1470 (4th Cir. 1991). "This system is compromised if courts allow litigants to control the time at which evidence will be produced." *Id.* Thus, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted).

In Plaintiff's Motion for Reconsideration, Ms. Houston does not allege any intervening changes in controlling authority. Rather, Ms. Houston argues that 1) "the Court committed manifest errors of law and fact in granting summary judgment on Houston's disparate treatment age discrimination claim, 2) "the Court committed manifest errors of law and fact in determining that Houston did not exhaust her administrative remedies regarding her ADA actual disability and failure-to-accommodate claims," 3) "the Union was on notice of Houston's injury-related disability," 4) "the Union took adverse actions against Houston based on her injury-related disability," 5) "Houston has made out a claim for retaliation," and 6) "Houston exhausted her administrative remedies regarding her hostile work environment claim." ECF No. 25. The Court has reviewed each of these arguments and finds that they either involve attempts to introduce evidence or argument that could have been incorporated into Plaintiff's Opposition to Defendants' Motion for Summary Judgment, or mere disagreement with the Court's ruling. Thus, the Motion for Reconsideration is denied. A separate Order shall issue.

Date: January 12, 2017

George J. Hazel
United States District Judge